IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VICKI SILVA, parent and guardian of minor
child V.S.,**

      Plaintiff,

vs.                                                                                         Civ. No. 05-1268 JB/ACT

**NEW MEXICO SOLUTIONS, ESTELLA
ESQUIBEL and MICHAEL ESQUIBEL, in
their individual capacities as state actors,**

      Defendants,

and

**UNITED NATIONAL INSURANCE COMPANY,
a foreign insurance company,**

      Plaintiff-in-Intervention,

v.

**VICKI SILVA, parent and guardian of minor child V.S.,
BEHAVIORAL HEALTHCARE SERVICES, INC., d/b/a
NEW MEXICO SOLUTIONS, ESTELLA ESQUIBEL and
MICHAEL ESQUIBEL,**

      Defendants-in-Intervention.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court for a Fairness Hearing. The Honorable James O. Browning, United States District Judge, referred this matter to the undersigned for a report and recommendation on January 9, 2008 [Doc. 81]. The Court held a hearing on January 22, 2007, to determine if the proposed settlement was in the best interests of the minor child.

**PROPOSED FINDINGS**

1. Plaintiff, Patricia Anderson, Guardian ad litem and next of friend of minor child V.S., filed her "Complaint for Civil Rights Violations & Breach of Contract"[1] ("Complaint") on October 14, 2005 in Second Judicial District, District Court, New Mexico. The matter was removed to United States District Court, District of New Mexico, on December 2, 2005 [Doc. 1].

2. In June of 2007, V.S. was adopted by Vicki Silva. Vicki Silva had cared for V.S. in her home for three years prior to the adoption. Vicki Silva was substituted as the Plaintiff in this matter on November 30, 2007 [Doc. 77].

3. V.S. was born with cerebral palsy and is unable to control or move her body. She is a spastic quadriplegic due to the cerebral palsy and has difficulty with speech and muscle control. Cognitively and intellectually, V.S. functions as a normal 15 year old. V.S. attends West Mesa high school as a special education student and is in the ninth grade.

4. In the Complaint, it is alleged that in August of 2002, CYFD removed V.S. from the home of her biological mother because V.S. was severely underweight and malnourished. V.S.'s biological father is deceased. In September 2002, doctors from Carrie Tingley released V.S. into the care of the New Mexico Solutions home of Michael and Estella Esquibel. Plaintiff alleges that while V.S. was in the Esquibel home, she was sexually molested by Defendant Michael Esquibel from September 16, 2002, to January 31, 2003, when V.S. was placed in the home of her maternal grandparents.

5. On September 24, 2004, Defendant Michael Esquibel was indicted on two counts of criminal sexual penetration in the first degree. During the course of the trial, the assistant district attorney determined there was insufficient evidence to prove criminal sexual penetration and the case went to the jury on a criminal sexual contact allegation only. The jury acquitted Defendant Michael Esquibel in 17 minutes.

---

[1] Plaintiff sued the New Mexico Children, Youth and Families Department ("CYFD") but dismissed CYFD pursuant to *Yvonne L. v. New Mexico Dept. of Human Servs*, 959 F.2d 883 (10th Cir. 1992).

6. The Court appointed Gabrielle M. Valdez, as a Guardian ad litem ("GAL"), to assist the court in evaluating the terms of the settlement. The GAL filed her report on January 22, 1008 [Doc. 85].

7. The parties agreed to settle this matter for $36,000. The distribution is as follows:

   a. The Plaintiff will receive $30,000, which will be placed in a trust in The Arc of New Mexico's Pooled Charitable Trust ("Trust") which is a not-for profit corporation. The cost of the Trust is $200.00. The Guardian ad litem report states that "ARC of NM has the infrastructure in place that would put the family in touch with the social services that V.S. needs while also preserving her Medicaid eligibility." [Doc. 85, GAL Report at 8.]

   b. Counsel for Plaintiff, Michael Hart, would receive $4,403.34, which is 12% of the actual recovery. Hart has litigated this case for over two years and reported to the GAL that he had spent at least 50 hours of time working on this case. Gross receipts tax is $302.73. Though costs were $2,300.00, exclusive of faxes, mailing or copying charges, Hart will be reimbursed only $1,293.93 for costs.

8. Vicki Silva testified at the hearing. She testified that she had conferred with counsel concerning this settlement and that she believed the settlement was fair and reasonable. She testified that she understood that $30,000 was to be used only to V.S.'s benefit and not for her other children. She testified that she would use the funds for maintenance for V.S.'s wheelchair and the handicapped access van needed by V.S. as well as to make the bathroom handicap accessible. She also testified that V.S. wanted this matter to end so she could get on with her life. Ms. Silva also testified that she understood that she could get more money, less money or no money at all if this matter were to proceed to trial. She also understands that she cannot change her mind and ask for more money on behalf of V.S. if circumstances change in her life.

9. After consideration of the evidence, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the best interests of V.S.

**RECOMMENDED DISPOSITION**

I recommend that the Court enter an order approving the parties' settlement.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**